**FILED**

**FEBRUARY 4, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**08 C 746**

| | | |
|---|---|---|
| OWEN COPE, | ) | Jury Demanded |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | Judge: |
| GIANT MOTORSPORTS, INC., | ) | |
| CHICAGO CYCLE, INC., and | ) | Magistrate, Judge: |
| JERRY FOKAS, | ) | |
| Defendants. | ) | |

**JUDGE GUZMAN**
**MAGISTRATE JUDGE SCHENKIER**

### COMPLAINT

Plaintiff, Owen Cope ("Plaintiff" or "Cope"), by his undersigned attorney, for his complaint of discrimination against Defendants Giant Motorsports, Inc. ("Giant"), Chicago Cycle, Inc. ("Chicago Cycle") and Jerry Fokas ("Fokas"), states as follows:

### NATURE OF THE CASE

1.  The causes of action for Plaintiff arise under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, as amended and 42 U.S.C.§1981, as amended.

### JURISDICTION AND VENUE

2.  This court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e, 42 U.S.C. §1981, as amended, 28 U.S.C. §1343(4), and 28 U.S.C. §1331.

3.  Venue in the Northern District of Illinois is proper. The claim for relief arose in this state as required by 28 U.S.C. §1391(b) and (c).

-1-

4.      All conditions precedent have been fulfilled by Plaintiff, including the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") of the United States Government, and a receipt of a Right-to-Sue Letter from the EEOC. (EEOC Charge and Right-to-Sue Letter attached as Exhibit A).

5.      At all times relevant herein, Plaintiff was in a contractual relationship with Defendants within the meaning of 42 U.S.C. § 1981.

## **PARTIES**

6.      Cope is an African-American and a resident of the state of Illinois.

7.      That Fokas is a resident of the state of Illinois.

8.      That at all times relevant herein, Fokas was employed by Chicago Cycle as a general manager, and Russell Haehn is Chief Executive Officer of Giant.

9.      At all times pertinent hereto, Giant has engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

10.     That Chicago Cycle is a wholly owned subsidiary of Giant.

11.     That Chicago Cycle is duly registered to conduct business in the state of Illinois.

12.    At all times pertinent hereto, Chicago Cycle has engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

**COUNT I**
**COMPLAINT OF COPE OF RACIAL HARASSMENT AND**
**RACE DISCRIMINATION IN THE**
**TERMS AND CONDITIONS OF EMPLOYMENT DIRECTED AT**
**GIANT MOTORSPORTS, INC. AND CHICAGO CYCLE, INC.**

13.    That Cope incorporates the preceding paragraphs.

14.    That Plaintiff was hired by Chicago Cycle on approximately April 4, 2005 as a porter.

15.    That Plaintiff was a satisfactory and conscientious employee, who performed his assigned tasks in an acceptable manner consistent with Defendants' standards.

16.    That Chicago Cycle and Giant subjected Cope to discrimination based on his race.

17.    That during Plaintiff's employment with Defendants, Plaintiff has heard Fokas make racially derogatory remarks to Hispanic, Asian, and Indian associates at Chicago Cycle.

18.    That at all times relevant herein, management employees of Chicago Cycle and Giant were aware that Fokas racially insulted many people and that it was a problem.

19.    That on approximately September 24, 2005, Scott Haehn, one of Plaintiff's supervisors, ordered pizza for the porters to share for lunch.

20.    That after Plaintiff took some pizza for himself, Fokas took one of the pizza's designated for the porters.

21.    That Plaintiff informed Scott Haehn that Fokas had taken a full pizza that was designated for the porters.

22.    That moments later, Fokas entered the mechanics department of Chicago Cycle and yelled, "Who the fuck just called Scott to tell on me, you all ain't shit, where the Fuck is O.C.?"

23.    That Fokas then walked to the porters' area and approached Plaintiff and said, "Why did you tell on me?" "You fucked with the wrong man, you ain't shit but a nigger, I'm really going to fuck you up, you ain't never going to be nothing but a piece of shit, and I'll have your job you piece of shit nigger."

24.    That Fokas continued to yell racial slurs directed to Plaintiff loud enough for employees in other departments to hear them.

25.    That on another occasion during September of 2005, Plaintiff was sitting in the porters' area and speaking with a fellow co-worker when Fokas entered the area and told Plaintiff, "Do

you see how high that sign is in the air, that's what we use to hang your kind, I'm going to hang your black-ass from there now."

26.    That Fokas then told Aiden McCarthy, the co-worker speaking with Plaintiff, "Go get some rope so I could hang this motherfucker up there now."

27.    That on October 8, 2005, Fokas falsely accused Plaintiff and other porters of cutting his brake and fuel lines in his automobile. Fokas stated, "I know it was that nigger and those wetbacks in the back that cut my brake and fuel lines."

28.    That shorly thereafter, Plaintiff complained about the above use of racial slurs and threats to Russell Haehn.

29.    That Russell Haehn responded to Plaintiff's complaint by stating, "I'm trying to run a $100 million dollar business here, I don't have time for this shit. I'll look into this and get back to you later."

30.    That Fokas was never disciplined for his use of racial slurs and threats directed at Plaintiff.

31.    That Defendants' illegal conduct was motivated by evil motive and intent, as well as reckless and callously indifferent to Plaintiff's federally protected rights.

32.    That Defendants' treatment of Plaintiff was motivated by racial animus and Defendants and its agents acted with racial animus directed toward African-Americans in violation of the law.

33.    That the racial harassment that Plaintiff and other minorities were subjected to at the hands of Defendants, its agents, representatives and employees was persistent in nature, unwelcome, extremely offensive, humiliating, and had the effect of creating a hostile and intimidating work environment for Plaintiff and other minorities.

34.    That as further direct and proximate results of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, invasion of his right to be free from discrimination, and great humiliation which has manifest in physical illnesses and emotional stress on the relationships between Plaintiff and his friends and family.

35.    That as further direct and proximate results of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, painful embarrassment among friends and co-workers, damage to his reputation, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of life.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court provide the following equitable and legal relief:

a)     Advance this case on the docket, order a speedy hearing at the earliest practicable

date and cause this case to be expedited in every possible way;

b)    Enter judgment that Defendants' acts and practices, as set forth herein, are in violation of the laws of the United States;

c)    Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendants' discriminatory practices and to prevent current and future harm;

d)    Award Plaintiff costs of litigation including reasonable attorneys' fees and experts' fees and expenses;

e)    Grant judgment against Defendants for compensatory damages and punitive damages for willful and wanton conduct; and

f)    Grant such other and further relief as this Court deems just and proper.

## COUNT II
## COMPLAINT OF COPE OF RACIAL HARASSMENT AND RACE DISCRIMINATION IN THE TERMS AND CONDITIONS OF EMPLOYMENT DIRECTED AT JERRY FOKAS

36.    That Cope incorporates the preceding paragraphs.

37.    That Defendant Fokas subjected Cope to illegal, inferior, and miserable terms and conditions of employment due to his race in violation of 42 U.S.C. 1981.

38.    That  Defendant's illegal conduct was motivated by evil motive and intent, and was reckless and callously indifferent to Plaintiff's federally protected rights.

39.    That Defendant's treatment of Plaintiff was motivated by racial animus and Defendant acted

with racial animus directed toward African-Americans in violation of the law.

40.     That as further direct and proximate results of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, invasion of his right to be free from discrimination, and great humiliation which has manifest in physical illnesses and emotional stress on the relationships between Plaintiff and his friends and family.

41.     That as further direct and proximate results of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, painful embarrassment among friends and co-workers, damage to his reputation, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court provide the following equitable and legal relief:

a)     Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)     Enter judgment that Defendant's acts, as set forth herein, are in violation of the laws of the United States;

c)     Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendant's discriminatory practices and to prevent current and future harm;

d)     Award Plaintiff costs of litigation including reasonable attorneys' fees and experts' fees and expenses;

e)     Grant judgment against Defendant for compensatory damages and punitive damages for willful and wanton conduct; and

f)    Grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,
Owen Cope,

/s Scott Fanning_____
One of His Attorneys

Uche O. Asonye - 6209522
Mark Pando - 6283683
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603

## **JURY DEMAND**

NOW COMES Owen Cope by and through his attorney, and hereby demands a trial by jury in the above entitled cause of action.

Respectfully Submitted,
Owen Cope,

/s Scott Fanning
One of His Attorneys

Uche O. Asonye - 06209522
Mark Pando - 6283683
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
(312) 795-9110
(312) 795-9114 (f)